IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATHAN FINCH, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:24-cv-00326-D (BT) |
| § | |
| DALLAS COUNTY SHERIFF § | |
| DEPARTMENT, ET AL. § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee or seeking leave to proceed *in forma pauperis* (IFP), Dallas County prisoner Nathan Finch filed a petition for federal habeas relief on a standard 28 U.S.C. § 2254 application form. ECF No. 3. But, because the proceedings that Finch was challenging were ongoing when he filed his petition, the Court liberally construed his petition as seeking federal habeas relief under 28 U.S.C. § 2241. The Court issued a Notice of Deficiency and Order (NOD), requiring Finch to (1) file an amended § 2241 petition on the court-approved form, and (2) pay the $5.00 filing fee or file an application to proceed IFP with the required certificate of inmate trust account by March 21, 2024. ECF No. 4. The Court warned Finch that his failure to comply with the NOD could result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Finch did not comply with the NOD, seek an extension of time to comply with the Court's instructions, or otherwise respond to the Court's Order, and his

time to do so has expired. Accordingly, the Court should dismiss Finch's case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Initially, the Court notes that, since it issued the NOD, Finch pleaded guilty, and the state court issued a judgment against him. *See State of Texas v. Nathan Finch*, F-24-48372 (363rd Jud. Dist. Court, Feb. 27, 2024); Details (dallascounty.org) (search for Finch's case number; last visited April 29, 2024). Thus, any challenge to his conviction and sentence would now be pursuant to 28 U.S.C. § 2254, which is how Finch originally styled his petition. *See Lopez Rodriguez v. Dir., TDCJ-CID*, 2021 WL 291458, at *2 (N.D. Tex. Jan. 27, 2021)

2

(noting that the "'plain language of Section 2254' applies whenever a prisoner is held pursuant to a judgment of a state court") (quoting *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015)).

But even if this development negates Finch's need to file an amended petition, he must still pay the $5.00 filing fee or obtain leave to proceed IFP. *See* 28 U.S.C. § 1914(a) ("[O]n application for a writ of habeas corpus the filing fee shall be $5."). His failure to do so prevents this case from proceeding. The District Judge should therefore dismiss Finch's habeas application without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders unless he pays the $5.00 filing fee or obtains leave to proceed IFP within the time to file objections to this recommendation (explained in more detail below), or by some other deadline established by the District Judge. *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Texas v. Hill*, 2020 WL 5913669, at *1 (N.D. Tex. Sept. 14, 2020) ("The petitioner failed to comply with the orders that he file his § 2241 petition on the appropriate form and either pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. The case should therefore

be dismissed under Rule 41(b) for failure to prosecute or follow court orders."), *rec. accepted* 2020 WL 5912417 (N.D. Tex. Oct. 6, 2020).

## Recommendation

The District Judge should dismiss Finch's habeas application without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders unless he pays the $5.00 filing fee or obtains leave to proceed IFP within the time to file objections to this recommendation (explained in more detail below), or by some other deadline established by the District Judge.

**SO RECOMMENDED.**

April 29, 2024.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).